UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT DAYTON

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST,** *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>**ELITE IRON SERVICES L.L.C.,** *et al.*, <br><br>Defendants. | CASE NO. 3:13-CV-00154 <br><br> DISTRICT JUDGE WALTER H. RICE <br><br> **ORDER** |

### ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

This action came before the Court on Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit, Pension, and Annuity Trusts' ("Trusts") Motion for Default Judgment against the Defendants Elite Iron Services L.L.C. ("Elite Iron") and Rickey C. Cornett. This Court now grants the Plaintiffs' Motion for Default Judgment in its entirety.

### I. BACKGROUND FACTS

The Trusts are three employee benefit plans. ECF #1, Complaint, 1. The Trusts entered into agreements with Elite Iron that required Elite Iron to make contributions as stipulated in the agreements to the Trusts. *Id.*, at 6-8. The Trusts' allegations, which have now been adopted by the Court by virtue of the entry of default judgment, are that Elite Iron is delinquent with its contributions to the Trusts, in violation of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and that Cornett is jointly and severally liable for all amounts that Elite Iron owes to the Trusts for his violations of ERISA.

## II. PROCEDURAL HISTORY

The Trusts filed this civil action against the Defendants on May 14, 2013. ECF #1, Complaint. Summonses were issued to Elite Iron and to Cornett on Plaintiffs' Complaint on May 16, 2013. ECF #2, Summons. On June 28, 2013, personal service was executed on the Defendants. ECF # 5-6. As neither Elite Iron nor Cornett answered or otherwise defended against the Trusts' Complaint within the time limit provided for in the Federal Rules of Civil Procedure, the Trusts applied for an entry of default on August 14, 2013. ECF #7, Application; see *Id*, at Aff. of Joseph D. Mando. The Clerk made an entry of default against Elite Iron and against Cornett on August 19, 2013. ECF #8, Entry of Default. Subsequently, the Trusts filed a Motion for Default Judgment, which is currently pending before the Court. ECF #9, Motion for Default Judgment.

## III. ANALYSIS

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See Fed. R. Civ. P. 55(a).* Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true. See *Stooksbury v. Ross*, Case No. 12–5739, 2013 WL 2665596, *3 (6th Cir. June 13, 2013) (treating the factual allegations of a complaint on liability as true because defendant produced no timely responsive pleading). However, those allegations relating to the amount of damages suffered are ordinarily not accepted as true unless the amount claimed is capable of ascertainment from definite figures contained in detailed affidavits. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

2

Neither of the Defendants filed an answer or responded to the entry of default. See Dkt. This failure to act makes clear that neither of the Defendants has any intention of defending the current action. Therefore, default judgment and damages on the default judgment are warranted.

The Trusts provided a sworn affidavit from an employee, Peggy Gotthardt, who is responsible for monitoring employer contributions to the Trusts. Gotthardt indicated that Elite Iron owes the Trusts a total of $154,442.27 in known delinquent contributions, interest, liquidated damages. Additionally, she states that the Trusts have paid or owe $5,900.00 in attorneys' fees and costs.

The Court concludes that the specific monetary damages claimed are sums certain supported by an affidavit and therefore a hearing on damages is not required. The Court adopts as its own finding the sum certain of the monetary damages evidenced by Gotthardt's affidavit.

### IV. CONCLUSION

Accordingly, based on the foregoing:

1. Plaintiffs' motion for default judgment and damages is **GRANTED**;
2. Judgment against Elite Iron and in the Trusts' favor for $154,442.27 in known unpaid contributions, interest, and liquidated damages in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).
3. Judgment against Elite Iron and in the Trusts' favor for the Trusts' attorneys' fees and other costs of this action pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D) in the amount of $5,900.00.
4. That a permanent injunction be issued against Elite Iron pursuant to Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E) prohibiting future violations of Section 515 of ERISA, 29 U.S.C. § 1145 with respect to the Trusts.

5. A declaratory order from this Court requiring Elite Iron to timely submit all missing contribution reports, and to timely submit all such reports in the future.

6. Judgment against Elite Iron for all unpaid contributions, interest, and liquidated damages owed for work hours performed and not reported, to the extent that such hours have been worked and unpaid.

7. Post-judgment interest in the Trusts' favor on all amounts awarded hereunder pursuant to 28 U.S.C. § 1961.

8. A declaratory order finding that Rickey C. Cornett has breached his fiduciary duties owed to the Trusts.

9. A declaratory order finding that Cornett has engaged in prohibited transactions under ERISA.

10. An order finding that Cornett is jointly and severally liable with Elite Iron to reimburse the Trusts for all losses resulting from each such breach pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109(a), including the $154,442.27 in known delinquent contributions, interest, liquidated damages and $5,900.00 covering the Plaintiffs' reasonably attorneys' fees and costs.

11. An order directing an accounting of all of Elite Iron's delinquent contributions that have not been paid to the Trusts due to Cornett's orders or direction, and an accounting of all losses suffered by the Trusts and their participants as a result of Cornett's fiduciary breach and prohibited transactions, with costs of such accounting to be paid by Cornett, should the Trusts determine that such an accounting is necessary.

12. An order directing Cornett to pay to the Trusts all amounts required to recover the losses suffered by the Trusts and their participants, including all rights and benefits to which

such participants were entitled to under the Trusts' plans of benefits, as a result of his breaches of fiduciary duty and prohibited transactions.

13. An order directing disgorgement of all ill-gotten gains by Cornett and/or Elite Iron, including employer contributions that have been wrongfully withheld from the Trusts.

14. An award of post-judgment interest in the Trusts' favor pursuant to 28 U.S.C. §1961.

15. Such other relief as the Court may deem equitable and just under the circumstances.

16. That the Court retain jurisdiction over this cause pending Elite Iron and Cornett's compliance with its orders.

**IT IS SO ORDERED**

Date: 8-26-13

Walter H. Rice
United States District Judge